## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH FARAH, JEROME CORSI, WORLDNETDAILY.COM, and WND BOOKS, | |
| Plaintiffs, | Civil Action No. 1:11-cv-001179 (RMC) |
| vs. | |
| ESQUIRE MAGAZINE, INC., HEARST COMMUNICATIONS, INC. and MARK WARREN, | |
| Defendants. | |

## NOTICE REGARDING NEW AUTHORITY

Defendants Hearst Communications, Inc. (publisher of Esquire Magazine) and Mark Warren (collectively, "Esquire") respectfully submit this notice of two decisions issued recently in this District regarding the Anti-SLAPP Act of 2010, D.C. Code § 16-5501 et seq.

Esquire's Special Motion to Dismiss and Motion to Dismiss the Plaintiffs' Complaint [dkt 4] (the "Motions to Dismiss") noted that a SLAPP motion was denied without comment in *Sherrod v. Breitbart et al.*, No. 1:11-cv-00477-RJL (D.D.C. filed Mar. 4, 2011). Judge Leon issued an opinion in support of his decision on February 15, 2012, which makes clear that the SLAPP motion was denied because the Anti-SLAPP Act was not in effect when the plaintiffs filed their suit and "only statutes that are purely procedural can be applied retroactively." *See Sherrod v. Breitbart*, 2012 WL 506729 *1 (D.D.C. Feb. 15, 2012). Judge Leon ruled that "[b]ecause the statute is substantive – or at the very least, has substantive consequences – and there is no clear legislative intent of retroactivity, defendants' motion must be denied." *Id.*

Judge Leon also noted that "even if defendants could show that the D.C. Anti-SLAPP Act is purely procedural, the *Erie* doctrine bars its application in federal court. The *Erie* doctrine requires federal courts sitting in diversity to apply state substantive law and federal procedural law, thus barring the application of the D.C. Anti-SLAPP Act in this Court." *Id.* at *2. The opinion in context suggests that because the Anti-SLAPP Act is the substantive law of the District of Columbia, it must be applied in diversity (just not to actions filed before the statute was enacted). There is no concern for retroactivity in this case, as the Anti-SLAPP Act became effective on March 31, 2011, nearly three months before the Complaint was filed on June 28, 2011, arising from a publication on May 18, 2011.

In addition, as Plaintiffs noted in their Notice of Recent Case Decision [dkt 14], Judge Wilkins recently issued an opinion holding that the Anti-SLAPP Act conflicts with Rules 12 and 56 of the Federal Rules of Civil Procedure and thus cannot be applied in federal court. *See 3M Co. v. Boulter*, 2012 WL 386488 *6 (D.D.C. Feb. 2, 2012). Judge Wilkins reasoned, *inter alia*, that under the Anti-SLAPP Act "a court must grant the special motion to dismiss even where matters outside the pleadings are considered, and even where the plaintiff has or can raise a genuine issue of material fact on its claim." *Id.* at *14. In so holding, Judge Wilkins "respectfully disagree[d] with [the] holdings" of the First, Fifth, and Ninth Circuits, noting that all have applied SLAPP statutes in many diversity cases. *Id.* at *18. Appeals of both recent decisions have been noticed.

Ignoring *Sherrod v. Breitbart* entirely, Plaintiffs ask the Court to "summarily deny Defendants' special motion to dismiss" because "[i]t is now the law of this Court that the Anti-SLAPP Act is not applicable." This conclusion is deeply flawed for several reasons, not least that Judge Leon's opinion (and three federal circuits) reached precisely the *opposite* conclusion.

Moreover, "[a] decision of a federal district court judge is not binding precedent in either a

different judicial district, the same judicial district, or even upon the same judge in a different

case." *J.S. v. District of Columbia*, 533 F. Supp. 2d 160, 162 n.3 (D.D.C. 2008) (Collyer, J.)

(quoting 18-134 Moore's Federal Practice-Civil § 134.02[1][d] (2006)).[1]

In any event, this case presents no conflict between the Anti-SLAPP Act and the Federal

Rules of Civil Procedure.  The motions were drafted narrowly in order to allow the Court to

dismiss the case simultaneously under *both* the SLAPP statute *and* 12(b)(6), focusing on

threshold issues of law routinely decided on Rule 12 motions.  This is therefore not a case where

"matters outside the pleadings are considered" or the case would be dismissed despite "a genuine

issue of material fact." *See Boulter*, 2012 WL 386488 *14.  To the contrary, the case can easily

be dismissed – under the SLAPP statute, Rule 12(b)(6), or both – by applying the standard in

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and relying simply on the pleadings, materials

incorporated by reference, and materials appropriate for judicial notice pursuant to Federal Rule

of Evidence 201(b). [2]  *See, e.g.*, *Godin v. Schencks*, 629 F.3d 79, 90 & n.17 (1st Cir. 2010)

("[s]ome [SLAPP] motions, like Rule 12(b)(6) motions, will be resolved on the pleadings," while

others "will permit courts to look beyond the pleadings to affidavits and materials of record, as

Rule 56 does").  This, combined with the substantive characteristics of the Anti-SLAPP Act cited

by Judge Leon and the circuit courts, supports the application of the Anti-SLAPP Act in federal

---

[1] Plaintiffs also asked the Court to permit discovery in the event that it denies Esquire's SLAPP motion.  Even if the Anti SLAPP Act did not apply, however, the Court should continue its stay of discovery pending resolution of Esquire's 12(b)(6) motion [dkt 4] for the reasons stated in Esquire's Motion for Stay of Discovery and Rule 26 Disclosures [dkt 7].

[2] Defendants believe their motion can be decided under Rule 12(b)(6), but Rule 12(d) does permit the Court to convert Esquire's motion to dismiss to a motion for summary judgment if the Court considers matters outside the complaint or not otherwise incorporated by reference or subject to judicial notice. No matters having been disputed, summary judgment for Esquire under Rule 56 is also appropriate and consistent with the Anti SLAPP Act.

court for the reasons discussed in Esquire's moving and reply briefs.  *See* Motions to Dismiss at 18-21; Reply Brief in Support of Motions to Dismiss [dkt 12] at 3-5.  Esquire would be happy to supply briefing on the import of these decisions if the Court requests it.

Dated this 24th day of February, 2012.

> Respectfully submitted,
>
> /s/ John Rory Eastburg
> Laura R. Handman (D.C. Bar No. 444386)
> John Rory Eastburg (D.C. Bar No. 984434)
> DAVIS WRIGHT TREMAINE LLP
> 1919 Pennsylvania Avenue, NW, Suite 800
> Washington, D.C. 20006-3402
> (202) 973-4200
> (202) 973-4499 fax
>
> -and-
>
> Jonathan R. Donnellan (pro hac vice)
> Kristina E. Findikyan (pro hac vice)
> jdonnellan@hearst.com
> kfindikyan@hearst.com
> Hearst Corporation
> Office of General Counsel
> 300 W. 57th Street, 40th Floor
> New York, NY 10019
> (212) 649-2020
> (212) 649-2035 (fax)
>
> *Attorneys for Defendants Hearst*
> *Communications, Inc. and Mark Warren*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, I caused the foregoing NOTICE REGARDING

NEW AUTHORITY to be served via ECF on the following persons:

Larry E. Klayman
LAW OFFICE OF LARRY KLAYMAN
2020 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
(310) 595-0800
Fax: (310) 651-3025
Email: leklayman@yahoo.com

Dated: February 24, 2012

/s/ John Rory Eastburg