**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH FARAH, JEROME CORSI, WORLDNETDAILY.COM, and WND BOOKS,<br><br>           Plaintiffs,<br><br>    vs.<br><br>ESQUIRE MAGAZINE, INC., HEARST COMMUNICATIONS, INC. and MARK WARREN,<br><br>          Defendants. | Civil Action No. 1:11-cv-001179 (RMC) |

**OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION
TO VACATE STAY ORDER OF JANUARY 30, 2012**

Hearst Communications, Inc. (publisher of Esquire Magazine) and Mark Warren (collectively, "Esquire") respectfully submit this Opposition to Plaintiffs' Expedited Motion to Vacate Stay Order of January 30, 2012 and Request for Telephonic Status Conference.[1]

Plaintiffs claim that the DC Anti-SLAPP Act (the "Act") "has recently been held inapplicable in this District Court." Mot. to Vacate [dkt 17]. It is true that Judge Wilkins recently found that the Act cannot be applied in federal court, though he conceded that the First, Fifth, and Ninth Circuits all have applied SLAPP statutes in many diversity cases. *See 3M Co. v. Boulter*, 2012 WL 386488, at *6, *18 (D.D.C. Feb. 2, 2012). But Plaintiffs ignore the fact that, just two weeks after *Boulter*, Judge Leon apparently reached the opposite result in *Sherrod v. Breitbart*, 2012 WL 506729, at *1 & n.4 (D.D.C. Feb. 15, 2012) (holding that the Act was

---

[1] Esquire has no objection to a status conference if the Court deems one necessary, but does not believe a conference is necessary given that dispositive motions are fully briefed and pending.

"substantive – or at the very least, has substantive consequences" and, therefore, did not apply retroactively).  *See* Esquire's Notice Regarding New Authority [dkt 15] at 1-2.  Both decisions are currently on appeal in the D.C. Circuit.  *See Sherrod v. Breitbart*, No. 11-7088 (filed Aug. 29, 2011); *3M Co. v. Boulter*, No. 12-7012 (filed Feb. 22, 2012) (motions to dismiss appeals pending).  In any case, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *J.S. v. District of Columbia*, 533 F. Supp. 2d 160, 162 n.3 (D.D.C. 2008) (Collyer, J.) (quoting Moore's Federal Practice).

Moreover, even if the Act *were* deemed inapplicable in federal court, Esquire's Stay Motion also was based on the Court's "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  Stay Mot. [dkt 7] at 6 (quoting *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001), in turn quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).  As Esquire's Stay Motion noted, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" *Id.* at 6 (quoting *Chavous*, 201 F.R.D. at 2).  Thus, years before the Act was proposed, this Court stayed discovery against defamation defendants until motions for summary judgment, in that case on the issue of falsity, could be heard  *See Mar-Jac Poultry, Inc. v. Katz*, 773 F. Supp. 2d 103, 110-11, 116 (D.D.C. 2011) (Collyer, J.).

In this case, the Anti-SLAPP and 12(b)(6) motions before the court do not require discovery in order to be adjudicated, turning on threshold questions of law based on review of the publication at issue and undisputed documentary materials.  Notably, Plaintiffs do not specify

any particular discovery they need in order to oppose the pending motions.  The fact that the issue of the applicability of the Act in federal court is currently on appeal is yet another reason for a stay in this case.  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 65, 71 (D.D.C. 2010) (Collyer, J.) (quotation marks omitted) (finding "good cause to stay [a] matter" pending "resolution of [another case] by the D.C. Circuit"); *see also Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011) ("[A] stay is warranted because resolution of pending litigation in the D.C. Court of Appeals will likely narrow the issues in the pending cases and assist in the determination of the questions of law involved.") (quotation marks omitted).

In sum, Plaintiffs' suggestion that the Act is inapplicable is not correct.  But even if it *were*, the Court retains the inherent authority to stay discovery in this action.  Esquire respectfully suggests that the Court should continue to exercise that authority here, given the First Amendment values at stake, the decisions on appeal, and the pending dispositive motions on threshold issues.

DWT 19425021v2 0063971-000020

Dated this 30th day of April, 2012.

Respectfully submitted,


/s/ Laura R. Handman
Laura R. Handman (D.C. Bar No. 444386)
John Rory Eastburg (D.C. Bar No. 984434)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, DC 20006-3402
(202) 973-4200
(202) 973-4499 fax

-and-

Jonathan R. Donnellan (pro hac vice)
Kristina E. Findikyan (pro hac vice)
jdonnellan@hearst.com
kfindikyan@hearst.com
Hearst Corporation
Office of General Counsel
300 W. 57th Street, 40th Floor
New York, NY 10019
(212) 649-2020
(212) 649-2035 (fax)

*Attorneys for Defendants Hearst*
*Communications, Inc. and Mark Warren*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, I caused the foregoing Opposition to Plaintiffs' Expedited Motion to Vacate Stay Order of January 30, 2012 and Request for Telephonic Status Conference to be served via ECF and directed that a true and correct copy of the foregoing be served by hand on the following:

Larry E. Klayman
LAW OFFICE OF LARRY KLAYMAN
2020 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
(310) 595-0800
Fax: (310) 651-3025
Email: leklayman@yahoo.com

Dated: April 30, 2012

/s/ Laura R. Handman